# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |  |
|---|---|---|
| SEAN BROWNLEE, | : | |
| | : | |
| Movant, | : | CIVIL ACTION NO. |
| | : | 1:06-CV-1188-RWS |
| v. | : | |
| | : | CRIMINAL ACTION NO. |
| UNITED STATES OF AMERICA, | : | 1:03-CR-0400-01-RWS |
| | : | |
| Respondent. | : | |

## ORDER

This case comes before the Court on Movant's Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 [167], Movant's "Motion Requesting Judicial Notice" [174], Movant's Second Motion to Vacate, Set Aside, or Correct Sentence [177], Movant's Motion to Proceed *in Forma Pauperis* [178], and Movant's Motion for Reduction of Sentence [179] under 18 U.S.C. § 3582(c)(2).  After reviewing the entire record, the Court enters the following Order.

### Background

Movant was accused by a superceding indictment [84] on July 27, 2004, of five counts of drug trafficking.  On August 17, 2004, he pled guilty to one of the

counts.  (Guilty Plea and Plea Agreement [104].)  The Government, pursuant to a

plea agreement, dismissed the remaining four charges, and Movant agreed to waive

certain rights to appeal his sentence.  (See id.)   The Plea Agreement provided,

*inter alia*:

> LIMITED WAIVER OF APPEAL: To the maximum
> extent permitted by federal law, the defendant voluntarily
> and expressly waives the right to appeal his sentence and
> the right to collaterally attack his sentence in any post-
> conviction proceeding on any ground, except that the
> defendant may file a direct appeal of  an upward
> departure from the otherwise applicable sentencing
> guideline range.  The defendant understands that this Plea
> Agreement does not limit the Government's right to
> appeal, but if the Government appeals the sentence
> imposed, the defendant may also file a direct appeal of
> his sentence.

(See Guilty Plea and Plea Agreement [104] at 6.)

During the tender of Movant's plea, the Court questioned him in some detail

about whether he suffered from any condition or was taking any medication that

might interfere with his ability to understand the plea proceedings or the questions

by the Court—questions that he answered in the negative.  (See Tr. of Guilty Plea

Proceedings [169] at 3-5.)  The Court additionally questioned Movant extensively

about the appeal waiver referenced above:

THE COURT:        I want to touch on a couple of matters in your agreement, and one of those relates to this what is referred to as <u>Blakely</u> issue that you are waiving in your agreement.  Do you understand that a case has been decided by the Supreme Court of the United States called <u>Blakely v. Washington</u> that has at least called into question whether the Federal Sentencing Guidelines should be used or not?

MOVANT:        Yes.


THE COURT:        Do you understand that you are agreeing that the Court will use the Federal Sentencing Guidelines regardless of what the Supreme Court ultimately decides about those Guidelines under <u>Blakely</u>, the you're agreeing that I will use the Federal Sentencing Guidelines and you will not challenge that under <u>Blakely</u>?

MOVANT:        Yes, sir.


THE COURT:        Okay.  You also understand that an appeal is basically the only opportunity you have for other judges to look at my decision about your sentence to determine if I have done the right thing or not under the law?

MOVANT:        Yes, sir.


THE COURT:        And you understand that you have given up your right to appeal except in a couple of very specific circumstances.  One is if when I use those Federal Sentencing Guidelines and I calculate the Guidelines for your case, if I decide to impose a greater sentence than what is called for by the Guidelines, that is, if I upwardly depart from the Guidelines, you would have a right to appeal that.

MOVANT:             Yes.

THE COURT:          If the government chooses to file an appeal for
                    some reason from the sentence that I impose, then
                    you would have the right to raise issues on appeal.
                    Do you understand that?

MOVANT:             Yes.

THE COURT:          Do you understand other than that, this sentence
                    will not be reviewed, you will not have an
                    opportunity to have the Court of Appeals review
                    the sentence?

MOVANT:             Yes.

(Id. at 8-10.)  The Court continued:

THE COURT:          [To Movant:] Do you feel that you have had a
                    sufficient opportunity to talk about your case with
                    Mr. Samuel and to have him advise you concerning
                    the entry of this plea?

MOVANT:             Yes, sir.

THE COURT:          And are you satisfied with the representation he's
                    provided to you?

MOVANT:             Yes, sir.

THE COURT:          Mr. Samuel, do you believe you've had a sufficient
                    opportunity to investigate your client's case and
                    advise him?

SAMUEL:             Yes, Your Honor.

THE COURT:        Are you aware of any reason I should not accept his plea?

SAMUEL:           I'm aware of no reason, Your Honor.

(<u>Id.</u> at 14.)

At the conclusion of the plea, and after engaging in the Rule 11 colloquy, the Court found that Movant understood "the charge and the consequences of his plea," did not appear "to be under the influence of any substance which might affect his judgment or actions in any manner[,]" that his plea was "voluntarily made with full knowledge of the charge against him and the consequences of his plea[,]" and that he was "competent to understand the[ ] proceedings and to enter a knowing plea of guilty[.]" Accordingly, the Court accepted his plea.  (<u>Id.</u> at 15.)

By Judgment entered December 9, 2004, the Court sentenced Movant to 188 months imprisonment and five years of supervised release.  (<u>See</u> Judgment and Commitment [131].)  Movant filed no appeal.  Thus, Movant's conviction became final ten days after judgment was entered (excluding holidays and weekends), on December 23, 2004.

## Discussion

## I.    Movant's First Motion to Vacate, Set Aside, or Correct Sentence

By a Motion dated November 22, 2005, but entered on the docket on May 15, 2006, the Movant filed his First Motion to Vacate, Set Aside, or Correct

Sentence [167].[1]  In support of his Motion, Movant asserts three grounds for relief.

Ground 1 asserts that counsel was ineffective by (1) failing to object to the

Presentence Report, which he claims relied upon an "uncounselled guilty plea."

(Mot. at 5-1.); (2) failing to properly advise Movant as to the applicable sentencing

range; (3) failing to object to the drug quantities calculated at sentencing; (4)

failing to prepare an adequate case during sentencing; (5) failing to properly

investigate and research Movant's case before rendering his guilty plea; and (6)

failing to object to the denial of complete credit for acceptance of responsibility.

Ground 2 asserts that, because of ineffective assistance of counsel, Movant's guilty

plea was not entered knowingly, intelligently, and voluntarily.  And finally,

Ground 3 asserts that the district court erred in finding facts in support of

increasing his sentence, violating United States v. Booker, 543 U.S. 220, 125 S. Ct.

738, 160 L. Ed. 2d 621 (2005), and counsel was ineffective for failing to object on

the basis of Booker.

28 U.S.C. § 2255 requires that notice of a motion brought under that section

shall be served upon the U.S. attorney "unless the motion and the files and records

of the case conclusively show that the Movant is entitled to no relief." 28 U.S.C. §

---

[1] For purposes of Movant's first Motion to Vacate, the court assumes, without deciding, that the Petition is timely.  Moreover, Movant's "Motion Requesting Judicial Notice," [174] which seeks to supplement the record concerning the timeliness of his First Motion to Vacate, is construed as a Motion to Supplement and hereby **GRANTED**.

2255.  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of

constitutional rights and for that narrow compass of other injury that could not

have been raised on direct appeal and would, if condoned, result in a complete

miscarriage of justice.' " Richards v. United States, 837 F.2d 965, 966 (11th Cir.

1988) (quoting United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981)).

Where the "files and records make manifest the lack of merit of a Section 2255

claim," no evidentiary hearing is required.  See United States v. Lagrone, 727 F.2d

1037, 1038 (11th Cir. 1984).

By virtue of Movant's waiver of appeal, Movant has waived all

nonjurisdictional objections he may have to his conviction and sentence except an

attack on the voluntariness of his plea.  See United States v. Broce, 488 U.S. 563,

569, 109 S. Ct. 757, 102 L. Ed. 2d 927 (1989) ("[W]hen the judgment of

conviction upon a guilty plea has become final and the offender seeks to reopen the

proceeding, the inquiry is ordinarily confined to whether the underlying plea was

both counseled and voluntary.  If the answer is in the affirmative then the

conviction and the plea, as a general rule, foreclose the collateral attack.");

Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) ("It is well-settled

that sentence-appeal waivers are valid if made knowingly and voluntarily.");

Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992) ("A defendant who

enters a plea of guilty waives all nonjurisdictional challenges to the

constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained.").  An appeal waiver also operates to foreclose even a claim predicated on ineffective assistance of counsel, with the limited exception of a claim of "ineffective assistance in entering or negotiating the plea."  Williams, 396 F.3d at 1342 n.2; id. at 1342 ("[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing."). Because Grounds 1 and 3 rest on claims that do not involve ineffective assistance in entering or negotiating Movant's guilty plea, they are foreclosed by Movant's appeal waiver.

Movant's only avenue for redress is vis-a-vis Ground 2, in which he claims that counsel was ineffective for failing to properly advise Movant in entering or negotiating the plea.   But Movant's allegations that his plea was unlawfully induced and not voluntary because his counsel provided ineffective assistance to him before entering his plea is entirely unsupported by evidence or testimony, and refuted by Movant's own statements at the plea proceeding.

The plea hearing transcript reflects that Movant affirmatively expressed to this Court that he understood the elements of the offense to which he was pleading and the maximum penalties for each offense.  (Plea Tr. at 10-14.)  During the plea

colloquy, the Court reviewed each individual element with the Movant.  (<u>Id.</u>)

Furthermore, Movant represented to this Court not only that his counsel had

adequately advised him as to the specifics of the indictment, but also that he was

satisfied with the advice of his attorney.  (<u>Id.</u> at 14.)

 "The purpose of a plea colloquy is to protect the defendant from an

unintelligent or involuntary plea."  <u>Mitchell v. United States</u>, 526 U.S. 314, 322,

119 S. Ct. 1307, 143 L. Ed. 2d 424 (1999).  Thus, there is a strong presumption

that statements made during the plea colloquy are true.  <u>United States v. Gonzalez-

Mercado</u>, 808 F.2d 796, 800 n.8 (11th Cir. 1987).  Where a Movant merely alleges

ineffective assistance of counsel in a motion to vacate without providing

supporting evidence, and the record indicates that the allegation lacks merit, the

Court is not required to hold an evidentiary hearing.  <u>See</u> <u>United States v. Baskin</u>,

858 F. Supp. 1165, 1167 (M.D. Fla. 1994); <u>see</u> <u>United States v. Lagrone</u>, 727 F.2d

1037, 1038 (11th Cir. 1984) (stating that where "files and records make manifest

the lack of merit of a Section 2255 claim," no evidentiary hearing is required).

 The record reflects that Movant offered his guilty plea both knowingly and

voluntarily.  He did so with the advice of counsel, and he did so after representing

that he understood the charges against him, understood the consequences of his

plea, and was satisfied with the advice of counsel.  Movant has introduced no

evidence in support of his claim that the advice offered by defense counsel was

objectively unreasonable or that advice had a prejudicial effect on the outcome of his case.  Accordingly, the motion, files, and record of this case conclusively show that Movant is not entitled to relief.  For that reason, Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [167] must be **DENIED**.

## II.    Movant's Second Motion to Vacate, Set Aside, or Correct Sentence

By Motion dated April 6, 2007, Movant filed a Second Motion to Vacate, Set Aside, Or Correct Sentence [177], over two years after December 23, 2004, the date his conviction became final.  In his Second Motion, Movant contends that his Sentence was enhanced based on a prior state conviction that he claims "had been voided" and "dissolved" since July 12, 1996.  Movant has not attached any evidence to support his claim that his sentence was enhanced based upon a non-existent or nullified state conviction.

Paragraph 8 of 28 U.S.C. § 2255 provides:

A second or successive motion *must be certified . . . by a panel of the appropriate court of appeals* to contain—

(1)    newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255, ¶ 8 (emphasis added).

Given the posture of this case, Movant is unable to avail himself of a second or successive motion to vacate brought under 28 U.S.C. § 2255.  Movant has failed to obtain certification from the Court of Appeals.  Id.; see also Gonzales v. Secretary for Dept. of Corrections, 366 F.3d 1253, 1260 (11th Cir. 2004) (stating that a district court "ha[s] no choice but to deny" a successive motion under 28 U.S.C. § 2255 if the movant fails to obtain a certificate from the Court of Appeals)

Even if this Court were to consider the merits of Movant's Second Motion to Vacate, by construing it as a Motion for Leave to Amend his First Motion to Vacate pursuant to Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000), the Court would nevertheless conclude that it was meritless on its face.  As discussed above, the appeal waiver entered into by Movant precludes him from making nonjurisdictional challenges to the validity of his sentence.  See Wilson, 962 F.2d at 997.

Accordingly, Movant's Second Motion to Vacate, Set Aside, Or Correct Sentence [177] is **DENIED**.  Movant's related Motion to Proceed *in Forma Pauperis* [178] is **DENIED as moot**.

## III.    Motion to Reduction of Sentence Under 18 U.S.C. § 3582(c)(2).

Movant moves for a reduction of sentence under 18 U.S.C. § 3582(c)(2), arguing that Amendment 9, effective on November 1, 2007, reduced by two levels

the base offense score of the crime of which he was convicted.  Movant requests that the Court find Amendment 9 retroactive and modify his sentence from a base offense level of 35 (guideline range of 168-210 months) to a base offense level of 33 (guideline range of 125-168 months).  Because the Court is not authorized to modify Defendant's sentence on the basis of Amendment 9, it must decline Movant's request.

A court is generally forbidden from modifying a term of imprisonment once it has been imposed.  18 U.S.C. § 3582.  However, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," upon a defendant's motion, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*." 18 U.S.C. § 3582(c)(2) (emphasis added).

The United States Sentencing Commission has issued a policy statement providing that a court may only modify a sentence based upon a post-sentence amendment to the Sentencing Guidelines if the Amendment is explicitly listed in U.S.S.G. § 1B1.10(c).  See U.S.S.G. § 1B1.10(a) ("If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy

statement and thus is not authorized."). Amendment 9 is not listed in U.S.S.G. §

1B1.10(c). Because Amendment 9 is not explicitly listed in U.S.S.G. § 1B1.10(c),

the Court is without authority to modify Movant's sentence. See United States v.

Pringle, 350 F.3d 1172, 1181 (11th Cir. 2003) ("Because no amendment listed in

U.S.S.G. § 1B1.10(c) applies, a reduction in Pringle's term of imprisonment under

18 U.S.C. § 3582(c)(2) is not appropriate."). Accordingly, Movant's Motion for

Reduction of Sentence is **DENIED**.

## Conclusion

For the foregoing reasons, Movant's First Motion to Vacate, Set Aside, or

Correct Sentence pursuant to 28 U.S.C. § 2255 [167] is **DENIED**. Movant's

"Motion Requesting Judicial Notice" [174], which the Court construes as a Motion

to Supplement, is **GRANTED**. Movant's Second Motion to Vacate, Set Aside, or

Correct Sentence [177] is **DENIED**. Movant's Motion to Proceed *in Forma*

*Pauperis* [178] is **DENIED as moot**. Movant's Motion for Reduction of Sentence

[179] is **DENIED**.

**SO ORDERED** this   10th   day of December, 2007.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE